**K/S NORMAN AGATHE, Plaintiff,**

**v.**

**SEA TRADE & CONSTRUCTION LTD., and the subfreights of the M/V NORMAN AGATHE, Defendants.**

**COMPANIA FORTUNIA S.A., Plaintiff,**

**v.**

**SEA TRADE & CONSTRUCTION LTD., and the subfreights of the M/V NIKEA, Defendants.**

**Nos. 90 Civ. 6763 (RPP), 90 Civ. 7119 (RPP).**

United States District Court, S.D. New York.

July 2, 1991.

Haight, Gardner, Poor & Havens, New York City by D. Christopher Heckman, for K/S Norman Agathe.

Hill Rivkins Loesberg O'Brien Mulroy & Hayden, New York City by Anthony J. Mavronicolas, for Sea Trade & Const. Ltd.

Healy & Baillie, New York City by Howard M. McCormack, for Compania Fortunia S.A.

Graham & James, New York City by Maureen Green, for Bank of Credit and Commerce Hong Kong Ltd.

The Bank of New York, New York City by Anne T. Schwab, for Bank of New York.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

The Bank of New York ("BNY"), as garnishee, was served in *K/S Norman Agathe v. Sea Trade & Construction Ltd., et al.,* 90 Civ. 7119 with a Writ of Attachment, pursuant to Rule B of the Supplemental Admiralty Rules, and the Summons and Complaint in this action on October 19, 1990, and a Supplemental Writ of Attachment on November 1, 1990. In *Compania Fortunia S.A. v. Sea Trade & Construction Ltd., et al.,* 90 Civ. 7119, BNY, as garnishee, was served with a writ of attachment dated November 7, 1990. As garnishee, BNY has filed motions in each action seeking to be added as a party or be discharged from all liability to the parties with respect to its actions in response to the Writs of Attachment duly issued by the Clerk of this Court in 90 Civ. 6763 on October 19, 1990 and October 31, 1990, and the writ of attachment issued in 90 Civ. 7119 on November 7, 1991. The facts giving rise to these motions are as follows.

On October 19, 1990 the garnishee was served with a writ of attachment, together with a summons and complaint in 90 Civ. 6763, directing it to hold $584,821.25 of funds belonging to defendant Sea Trade & Construction Ltd. ("Sea Trade"), which plaintiff stated were "thought to be in account # 803-3152-86911," an account of intervenor, Bank of Credit and Commerce Hong Kong ("BCC"). On October 23, 1990,

an officer of BNY notified the BCC that BNY had been served with a writ of attachment of Sea Trade funds in BCC's account and that it would monitor the account for receipt of funds for the credit of Sea Trade, a Bangladesh corporation.

On October 29, 1990 Chase Manhattan Bank made inquiry of BNY as to whether it had received a wire transfer of $625,421.50 for BCC's account for the credit of Sea Trade. On that same day, London attorneys for Sea Trade made inquiry of BNY to confirm the receipt of a writ of attachment against funds of Sea Trade and to confirm the receipt of the $625,421.50 explaining they were engaged in settlement discussions with plaintiff's attorneys.

On October 30, 1990 BNY found it had received the wire instructions from Chase Manhattan Bank about which Chase Manhattan had inquired and had on October 24, 1990 transferred $625,412.50 to BCC's account for the further credit of Sea Trade. On October 30, 1990 BNY determined that no transfer instructions had been received from BCC from October 24, 1990 to October 30, 1990, indicating BNY had received any instructions to transfer funds at the request of Sea Trade.

On October 31, 1990 at 3:40 p.m. BNY removed $584,821.25 from BCC's account and placed it in a restricted holding account in the name of BCC.

On October 31, 1990 BNY sent a telefax letter to BCC, with copies to the attorneys for Sea Trade and the attorneys for plaintiff to advise that BNY had removed $584,821.25 from BCC's account. BNY received no complaints in response. On November 1, 1990 BNY was served by the attorneys for plaintiff with the supplemental writ of attachment dated October 31, 1990.

On November 8, 1990 BNY realized the supplemental writ dated October 31, 1990 was in an increased amount from the original writ and debited BCC's account for the increased amount and placed it in the restricted holding account. It also notified BCC and the attorneys for the parties of

this action. Again, it received no complaint.[1]

In 90 Civ. 7119, BNY was served with a writ of attachment on November 7, 1990, which directed BNY to hold funds up to $604,102.08 belonging to Sea Trade "believed to be in account # 803–3152–869." BNY again debited BCC's account for the remaining Sea Trade funds, about $25,000, and placed such funds in the restricted holding account. On November 26, 1990, it notified BCC and the Sea Trade attorneys of this action. BNY received no complaints. Indeed, BCC has acknowledged that it never transferred the monies to Sea Trade in Hong Kong and that it left the monies on deposit in BNY in New York.

The first response received by BNY to any of its actions was from BCC on November 30, 1990. That response acknowledged a BNY telex and notified BNY of the identity of BCC's attorneys who got in touch with BNY in January 1991. Thereafter BCC's attorneys moved to set aside the writs of attachment on the grounds that its funds and not Sea Trade's were attached and that Sea Trade's interest in the funds should not be reachable by writs of attachment.[2] Thereafter, settlement discussions commenced.

In March and April 1991 the plaintiffs in both actions, Sea Trade, intervenor BCC, and BNY, as garnishee, agreed in principle to the terms of a settlement of the underlying claims and stipulations of discontinuance pursuant to which limited releases would be exchanged. On May 8, 1991, the BNY learned that Sea Trade would not exchange releases with BNY because Sea Trade was of the opinion it had a cause of action against BNY for informing plaintiff's attorneys improperly that BNY had in its possession Sea Trade funds and Sea Trade did not wish to release that cause of action. Accordingly, the garnishee has moved this Court in each action for an order discharging it from all liability to the parties in connection with or arising out of the writs of attachment dated October 19, 1990, October 31, 1990 and November 7,

1991, or, alternatively, determining that BNY is a party to the action for purposes of Rule 41 of the Federal Rules of Civil Procedure or for such other relief as the Court may deem proper.

Sea Trade opposes the motion arguing BNY is not a party plaintiff or defendant in the actions and that, since plaintiff did not base its attachment on CPLR § 6204, BNY is not entitled to a discharge. In 90 Civ. 6763, Sea Trade further argues that BNY owed a fiduciary duty to Sea Trade not to sequester funds received by BNY for BCC's account and designated to be credited to Sea Trade since those funds were received after service of the original writ of attachment, and were received prior to service of the supplemental writ of attachment. BCC did not remove, or attempt to remove, the $625,421.20 from its account for Sea Trade's benefit at any time while the various attachments were served. Nor did BCC protest any of BNY's actions. The supplemental writ served November 1, 1990 was an effective attachment. In 90 Civ. 7119 the writ served November 7, 1990 was similarly effective. Furthermore, Sea Trade's premise of the existence of a fiduciary relationship with BNY is incorrect. Under the circumstances herein, BNY's relationship to its customer is a debtor/creditor relationship, not a fiduciary one, *Olmeca, S.A v. Manufacturers Hanover Trust Co.*, 629 F.Supp. 214, and Sea Trade's relationship was not even that of a customer.

Most importantly, Sea Trade's argument overlooks BNY's role as an agent of the Court. The actions taken by BNY pursuant to the writs of attachment issued by this Court were consonant with its duties pursuant to the instructions of the writ of attachment and Supplemental Rule (B)(3)(a). Consequently, BNY should be protected by the Court from whom those writs issued. Under these circumstances, the parties, who have invoked the authority of the Court and who seek to settle their differences, will be required to indemnify or release the agents whom the Court has

---

1. BCC also received account statements each day reflecting the BNY debits set forth herein.

2. It appeared that Sea Trade was in default in its obligations to BCC.

caused to take actions pursuant to its powers. The Court has such power. Rule 64 of the Federal Rules of Civil Procedure which permits the Court to utilize the powers authorized by C.P.L.R. § 6204. Accordingly, the Court, for purposes of these actions, joins BNY, the garnishee, as a party to these actions so that any settlement of the claims herein to the funds sequestered by the writs of attachment will provide for appropriate indemnification or releases of the garnishee.

IT IS SO ORDERED.